# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-453V
(E-Filed: August 18, 2014)

```
* * * * * * * * * * * * * *
RICHARD BERRISH,                  *      UNPUBLISHED
                                  *
                                  *
              Petitioner,         *      Special Master
                                  *      Hamilton-Fieldman
        v.                        *
                                  *      Influenza Vaccination; Shoulder
SECRETARY OF HEALTH AND           *      Injury Related to Vaccine
 HUMAN SERVICES,                  *      Administration ("SIRVA"); Decision;
                                  *      Proffer.
              Respondent.         *      .
* * * * * * * * * * * * * *
```

Maximillian J. Muller, Muller, Brazil, LLP, Philadelphia, PA, for Petitioner.
Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On May 27, 2014, Petitioner, Richard Berrish, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). Petitioner alleged that the administration of an influenza vaccination administered on October 11, 2012, caused Petitioner to suffer a shoulder injury related to

---

[1] Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Otherwise, "the entire" decision will be available to the public. *Id.*

vaccine administration ("SIRVA").[2]

The parties agreed and submitted in a proffer, filed on August 18, 2014, that based on the evidence of record, Petitioner should be awarded $50,000.00.  This amount represents all elements of compensation to which Petitioner would be entitled under 42 U.S.C. §300aa-15(a)(1); 15(a)(3)(B); and 15(a)(4).

The undersigned finds said proffer reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The proffer awards:

A lump sum total of $50,000.00, in the form of a check payable to Petitioner, Richard Berrish. This amount represents all damages available under 42 U.S.C. §300aa-15(a) to which Petitioner would be entitled.

Proffer Section II, III.

The undersigned approves the requested amounts for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]


**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2]  The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3]  Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

_____
                                      )

RICHARD BERRISH,                  )

                                    )

        Petitioner,             )          No. 14-453V  ECF

                                    )

        v.                   )          Special Master Hamilton-Fieldman

                                    )

SECRETARY OF HEALTH         )

AND HUMAN SERVICES,        )

                                    )

        Respondent.          )
_____ )

## PROFFER ON AWARD OF COMPENSATION[1]

### I.    **Procedural History**

On May 27, 2014, Richard Berrish ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act"), *as amended*. 42 U.S.C. §§ 300aa-1 et seq.  Petitioner alleges that, as a result of receiving the influenza ("flu") vaccine on October 11, 2012, he suffered from a shoulder injury related to vaccine administration ("SIRVA") in his left shoulder and arm.   Petitioner alleges a theory based on causation-in-fact.

On August 11, 2014, respondent filed her Vaccine Rule 4(c) report, conceding causation-in-fact for petitioner's SIRVA.  On August 12, 2014, the Special Master issued a ruling on entitlement, finding that petitioner was entitled to compensation for a SIRVA caused by the flu vaccine.

### II.    **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded $50,000.00, which represents all elements of compensation to which petitioner would be entitled

---

[1]  This Proffer does not include attorneys' fees and costs, which the parties intend to discuss after the Damages Decision is issued.

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## III.	Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $50,000.00, in the form of a check payable to petitioner.[2]  Petitioner agrees.

<div style="margin-left: 40%;">

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357
Fax: (202) 616-4310

</div>

Dated:  August 18, 2014

---

[2]	Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.